531 A.2d 300

**SMITH LABORATORIES, INC.**

v.

**Emil J. TEUSCHER et al.**

**No. 18, Sept. Term, 1987.**

Court of Appeals of Maryland.

Oct. 6, 1987.

Richard A. Pearson (J. Paul Mullen and Lord & Whip, P.A., on the brief), Baltimore, for appellant.

R. Douglas Jones, Lerch & Huesman, Baltimore, for appellee Emil J. Teuscher et al.

Marc Seldin Rosen, Dale B. Garbutt and Whiteford, Taylor & Preston, Baltimore, for appellee Anthony H. Woodward.

William F. Gately, Semmes, Bowen & Semmes, Baltimore, for appellee Carroll County General Hosp.

Barry Tayman, Baltimore, for appellee U.S., Veterans Admin.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

PER CURIAM.

In this case we hold that the Maryland Health Care Malpractice Claims statute, Md.Code (1974, 1984 Repl.Vol., 1986 Cum.Supp.), §§ 3–2A–01 to –08 of the Courts and Judicial Proceedings Article (the Act), does not require, as a condition precedent to a civil action in court, arbitration of a products liability claim asserted exclusively against a pharmaceutical manufacturer.

Appellees, Emil J. Teuscher (Emil), by Delma Teuscher, his legal guardian, Delma Teuscher, individually, and the United States Veterans Administration, as subrogee, filed a health claims arbitration claim against a physician and a hospital alleging personal injury by way of medical malpractice in the treatment of Emil. The treatment included chemonucleolysis, a procedure which involved the injection of Chymodiactin into two of Emil's lumbar intervertebral discs. Chymodiactin is a drug developed, manufactured, and marketed by the appellant, Smith Laboratories, Inc. (Smith). In the arbitration the physician filed a third-party claim against Smith. Smith moved to dismiss the third-party claim but that motion was denied.

Smith thereupon filed the instant declaratory judgment action seeking an adjudication that the third-party claim against it was not subject to arbitration. Because it is admittedly not a "health care provider" within the meaning of the Act, Smith contends that it is not within the jurisdiction created by § 3–2A–02(a)(1) of the Act which in relevant part reads:

> All claims, suits, and actions, including cross claims, third-party claims, and actions under Title 3 Subtitle 9 of this article, by a person against a health care provider for medical injury allegedly suffered by the person ... are subject to and shall be governed by the provisions of this subtitle.[1]

---

1. "Health care provider" is defined in § 3–2A–01(e) to mean

While the instant action was pending in circuit court, the appellees amended their claim in arbitration to claim directly against Smith and the appellees also filed an action in circuit court against Smith.

The circuit court entered a declaratory judgment of arbitrability. Although finding that Smith was not a health care provider, the court ruled that the Act subjected to arbitration a claim against a person who was not a health care provider "where the aggregate of operative facts giving rise to the action encompasses a claim against a health care provider for medical injury." The circuit court rested this analysis on its reading of *Group Health Ass'n v. Blumenthal,* 295 Md. 104, 453 A.2d 1198 (1983). Accordingly the circuit court adjudged that the original and third-party claims against Smith should proceed in arbitration and the court lifted a previously entered stay of arbitration. Smith appealed and we granted certiorari before the matter was considered by the Court of Special Appeals.

During the pendency of this appeal the claimants settled with the physician and the hospital. As a result the only claims formally pending in arbitration are those of the claimants against Smith and that of the physician against Smith. There is no claim presently asserted in arbitration against a health care provider. Consequently, we express no opinion on the merits of the ruling by the circuit court. We hold simply that, absent any health care provider as a defendant to any claim in arbitration, there is no basis for applying the Act.

JUDGMENT OF THE CIRCUIT COURT FOR CARROLL COUNTY VACATED. CASE REMANDED TO THAT

---

a hospital, a related institution as defined in § 19–301 of the Health-General Article, a physician, an osteopath, an optometrist, a chiropractor, a registered or licensed practical nurse, a dentist, a podiatrist, and a physical therapist, licensed or authorized to provide one or more health care services in Maryland. "Health care provider" does not mean any nursing institution conducted by and for those who rely upon treatment by spiritual means through prayer alone in accordance with the tenets and practices of a recognized church or religious denomination.

COURT FOR THE ENTRY OF A DECLARATORY JUDG-
MENT CONSISTENT WITH THIS OPINION. COSTS TO
BE PAID ONE–THIRD BY APPELLANT, SMITH LABOR-
ATORIES, INC., ONE–THIRD BY APPELLEES, EMIL J.
TEUSCHER AND DELMA TEUSCHER, INDIVIDUALLY
AND AS HIS LEGAL GUARDIAN, AND ONE–THIRD BY
APPELLEE, ANTHONY H. WOODWARD, M.D.