574 A.2d 339

**Terri M. KEEFOVER**

v.

**GIANT FOOD, INC.**

**No. 1469 Sept. Term, 1989.**

Court of Special Appeals of Maryland.

June 5, 1990.

Murray L. Deutchman, Rockville, for appellant.

Glenn T. Harrell, Jr. (William B. Spellbring, Jr., Timothy E. Howie and O'Malley, Miles & Harrell, on the brief), Upper Marlboro, for appellee.

Argued before GILBERT, C.J., and MOYLAN and ROBERT M. BELL, JJ.

GILBERT, Chief Judge.

As a result of a jury trial in the Circuit Court for Prince George's County (Levin, J.), Terri M. Keefover was awarded $1,000 and costs in her suit against Giant Food.

In this Court, Keefover poses seven issues which we shall address in the order presented. Before doing so, however, we shall set forth the factual scene from which the controversy arose.

Keefover was a patient of Dr. Thomas Ein,[1] who prescribed for her a birth control pill known as Lo–Ovral/28. She had the prescription filled at the Giant Food store in Laurel, Maryland. Instead of receiving Lo–Ovral/28, she received and took Ovral.[2]

---

1. Dr. Ein is a licensed and practicing obstetrician/gynecologist in this State. He was not a party to this action.

2. At trial Keefover alleged she received approximately 66 percent more hormones from taking Ovral. We note that both Ovral and

Shortly after she began taking the Ovral, Keefover experienced symptomatology of being pregnant, including nausea, vomiting, and tenderness of the breasts. After taking a month's supply of the birth control pills, she returned to Giant to have the prescription refilled. There she learned that the prescription had been previously filled in error. Keefover contacted Dr. Ein, who examined her two days later. Dr. Ein recommended and performed a tubal ligation on Keefover.

Subsequently, Keefover sued Giant Foods, Inc., in a five count complaint alleging negligence, breach of statutory duty, fraud, breach of warranties, and breach of contract. At trial, the only issue that ultimately was presented to the jury was the negligence claim.[3] The jury, as we have seen, returned a verdict in favor of Keefover.

## I.

"Whether the lower court abused its discretion in refusing to allow counsel for Keefover to call Dr. Ein as an adverse witness."

■ Maryland's adverse witness statute is found in Md. Cts. & Jud.Proc.Code Ann. § 9–113. There it is stated: "In a civil case, a party or an officer, director, or managing agent of a corporation, partnership, or association may be called by the adverse party and interrogated as on cross-examination."

Dr. Ein did not fall within the ambit of § 9–113; therefore, he could not be called as an adverse witness. *See Born v. Hammond*, 218 Md. 184, 191, 146 A.2d 44 (1958); *Mike v. Service Review, Inc.*, 19 Md.App. 287, 299, 310 A.2d

---

Lo–Ovral/28 contain norgestrel and ethinyl estradiol. Lo–Ovral/28 contains 0.3 mgs. of norgestrel and 0.03 mgs. of ethinyl estradiol while Ovral contains 0.5 mgs. of norgestrel and 0.05 mgs. of ethinyl estradiol.

**3.** Keefover withdrew the breach of statutory duty and fraud claims. The court dismissed the breach of warranty and breach of contract claims. No appeal was taken from the dismissal.

585 (1973). Keefover was not, however, precluded from calling Dr. Ein as a witness, but, in the court's discretion, she was precluded from asking leading questions. There was no error in the trial court's refusal to allow Keefover to treat Dr. Ein as an adverse witness.

## II.

"Whether the lower court erred in not permitting Keefover to testify to the statements of Dr. Ein in connection with the treatment allegedly forming the basis of the malpractice claim."

█ Keefover maintains that Judge Levin erred in not permitting her to testify concerning statements made by Dr. Ein with regard to his treatment of her condition. She asserts the court erred in two respects.

First, Keefover argues that the nature of her claim required her to prove a "case within a case." Her case-in-chief against Giant was predicated on her showing that Dr. Ein prescribed sterilization to solve the problems caused by the overdose of Ovral and that sterilization was in fact not necessary. In other words, Keefover felt it requisite to her case to show malpractice by Dr. Ein.

Second, because Keefover signed a consent to the tubal ligation, she asserts that her inquiry into Dr. Ein's statement to her was to demonstrate her state of mind at the time of her consent.

Judge Levin, in sustaining objections by Giant, said: "I am not going to let you get in any evidence as of right now of anything that Dr. Ein prescribed for this lady. It's that simple."

We believe the trial court was correct. The statements allegedly made by Dr. Ein are clearly hearsay insofar as Keefover's claim against Giant is concerned. Searching for an exception to the hearsay rule, Keefover asserts that, if Dr. Ein were a party, the statements would be an admission against interest. The short answer is that Dr. Ein was not a party.

Giant argues that this issue has not been preserved for our review because Keefover failed to proffer what she would have testified with respect to Dr. Ein's statements. Review of the record discloses that, however inartfully expressed, a proffer by Keefover can be inferred from the statement by counsel that "[t]he reason she didn't [sic] sign was because Dr. Ein told her it's the only way she could solve this problem. He had given her no other alternative."

Assuming, *arguendo,* that the proffered evidence is not hearsay, we find error in the trial court's refusal to admit Keefover's testimony. The error, however, is, under the totality of the circumstances, harmless.

It is well established in this State that, aside from showing the commission of error in excluding evidence, the "complaining party must show that the error had a prejudicial effect on the outcome of the case." *State Roads Comm. v. Kuenne,* 240 Md. 232, 235, 213 A.2d 567 (1964). *See also Rippon v. Mercantile–Safe Deposit and Trust Co.,* 213 Md. 215, 131 A.2d 695 (1957); *Adams v. Benson,* 208 Md. 261, 117 A.2d 881 (1955); *Baltimore Transit Co. v. Castranda,* 194 Md. 421, 71 A.2d 442 (1950).

We are unable to find reversible error in the matter *sub judice* because Keefover, as the complaining party, has failed in her burden of demonstrating prejudice. Furthermore, had Keefover been permitted to testify as to the alleged malpractice by Dr. Ein, the doctor's procedural and substantive rights would have been seriously eroded. Because Dr. Ein was not a party to this action, he was not represented by counsel nor could he present evidence that was favorable to him. He was in a position much like the proverbial "sitting duck."

The trial tactics of what Keefover has coined "a case within a case" were recently addressed by the Court of Appeals in *Smith Laboratories v. Teuscher,* 310 Md. 676, 531 A.2d 300 (1987). In *Smith,* the plaintiffs filed a claim against a physician and a hospital alleging medical malpractice. The claim was filed pursuant to Md.Cts. & Jud.Proc.

Code Ann. §§ 3–2A–01 through –09.[4] During arbitration of the claim, the physician filed a third party suit against Smith Laboratories. Smith then filed a declaratory judgment with the circuit court seeking an adjudication that it was not subject to arbitration. The circuit court disagreed and held Smith was subject to arbitration.

The Court of Appeals, in its *per curiam* opinion, set forth two holdings, one in the opening paragraph and one in the closing sentence. They state, respectively:

> "In this case we hold that the Maryland Health Care Malpractice Claims statute, Md.Code (1974, 1984 Repl. Vol., 1986 Cum.Supp.), §§ 3–2A–01 to –08 of the Courts and Judicial Proceedings Article (the Act), does not require, as a condition precedent to a civil action in court, arbitration of a products liability claim asserted exclusively against a pharmaceutical manufacturer."

*Smith*, 310 Md. at 678, 531 A.2d 300.

> "We hold simply that, absent any health care provider as a defendant to any claim in arbitration, there is no basis for applying the Act."

*Smith*, 310 Md. at 679, 531 A.2d 300.

The claim against Smith was not arbitrable because Smith was not a health care provider and the physician and hospital had previously settled their controversy, leaving only Smith in arbitration.

Keefover, unlike Teuscher in the *Smith* case, is not espousing the Health Claims Act but instead attempting to circumvent it, contrary to the law of this State. The doctor in *Smith* attempted to expand the coverage of the Act. Keefover would contract the Act's coverage and, without actually suing Dr. Ein, prove medical malpractice by him. To permit Keefover to proceed in that manner would be contrary to the clear intent of the Health Care Malpractice Claims Act. We agree with Judge Levin's exclusion of the

---

4. Sections 3–2A–01 through –09 are the Health Care Malpractice Claims Act.

evidence which forms the basis of a malpractice claim against Dr. Ein.

## III.

"Whether the lower court abused its discretion and erred as a matter of law in refusing to permit Dr. Ein to testify as to the effects of the overdose of Ovral on Keefover's ability to exercise her judgment and on her emotional state."

The issue centers around the trial court's refusal to permit Dr. Ein to testify as to the effects of the overdose of Ovral on Keefover's ability to exercise her judgment and on her emotional state. Review of the record discloses that Dr. Ein was never qualified as an expert. Furthermore, he was not asked to testify as to a reasonable degree of medical probability regarding the effects of the overdose of Ovral. *Andrews v. Andrews*, 242 Md. 143, 152, 218 A.2d 194 (1966). *See also Baughman Contracting Co. v. Mellott*, 216 Md. 278, 139 A.2d 852 (1958); *Coastal Tank Lines, Inc. v. Canoles*, 207 Md. 37, 113 A.2d 82 (1955).

Aside from the fundamental flaws, Keefover was seen to set the stage for the malpractice allegation against the doctor. In view of our discussion in part II, we perceive no error in Judge Levin's ruling.

## IV.

"Whether the lower court abused its discretion and erred as a matter of law in refusing to permit Keefover's mother to testify as to her observations of the effects of the overdose on Keefover's actions and activities as it affected her judgment and ability to manage her daily affairs."

Keefover's mother, Ann Boyko, was asked on direct examination: "Based upon your observations of your daughter at this time, how did the symptoms that you saw affect her judgment?" and "Based upon the number of times that you had contact with her during this period of

time in early 1986, do you believe you are able to note a change in ability to conduct her normal affairs?"

The trial court sustained objections to both questions. We are precluded from further review of the court's action, as there was no proffer as to what Boyko would have testified if she were allowed to answer. *Payne v. Payne,* 73 Md.App. 473, 534 A.2d 1360 (1988).

## V.

"Whether the lower court erred in sustaining objections to testimony from Hazel Martin as to the procedures used by the hospital and the nurse when 'consents' were obtained from Keefover prior to the surgery."

Keefover next asserts that the trial court erred in sustaining Giant's objections to certain portions of Hazel Martin's deposition.[5] Specifically, Keefover complains that she should have been permitted to introduce Ms. Martin's testimony concerning the procedures used by the hospital in obtaining Keefover's consent.

Review of the record discloses that Ms. Martin's deposition was noted by Giant and was taken *de bene esse.* The record is void of any reason as to why Ms. Martin was not personally at the trial, with the exception of a passing remark by Keefover's counsel that Ms. Martin was on vacation, and "we didn't want to ruin her vacation." There is no record of Ms. Martin being subpoenaed to trial by either party.

The relevant provision of the Maryland Rules covering depositions is Md.Rule 2–419(a)(3), which states:

"The deposition of a witness, whether or not a party, may be used by any party for any purpose against any other party who was present or represented at the taking of the

---

5. Hazel Martin is a registered nurse employed at Washington Adventist Hospital. She witnessed the consent form signed by Keefover for the tubal ligation.

deposition or who had due notice thereof, if the court finds:

(A) that the witness is dead; or

(B) that the witness is out of the State, unless it appears that the absence of the witness was procured by the party offering the deposition; or

(C) that the witness is unable to attend or testify because of age, mental incapacity, sickness, infirmity, or imprisonment; or

(D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

(E) upon motion and reasonable notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used."

Martin's deposition was apparently admitted by the trial court, without objection, under part (E) of the above-quoted rule.[6] Part E of the rule confers upon the trial judge broad discretion in determining whether to admit a deposition. Once a deposition is admitted, the court's discretion continues with respect to the content of a deposition. *See* Md. Rule 2–419(d).

As noted, Giant deposed Martin. At trial, Keefover decided to make the deposition part of her case-in-chief. Rule 2–419(e) states, in pertinent part:

"A party does not make a person that party's own witness by taking the person's deposition. The introduction in evidence of all or part of a deposition for any purpose other than as permitted by subsections (a)(1) and (a)(2) of this Rule makes the deponent the witness of the party introducing the deposition."

---

**6.** We draw this conclusion based on the fact that the other provisions of this rule are inapplicable.

■ Ms. Martin was asked questions relating to Keefover's claim against Dr. Ein. The questions were not related to her case against Giant Food. The evidence was irrelevant. *See* part II, above.

## VI.

"Whether the lower court erred in not instructing the jury that they could find that Giant was responsible for the sterilization and award damages in favor of the Plaintiff if they found that the overdose negligently dispensed by Giant caused her to be in such a condition that she could not exercise reasonable judgment in considering the sterilization procedure."

It is well established in this State that jury instructions will be considered as a whole. Appellate courts will not allow litigants to select, out of context, individual statements which might, of themselves, contain inartful methods of expression. *Greenbelt Corp. Publishing Ass'n v. Bresler*, 253 Md. 324, 252 A.2d 755 (1969); *Kowalewski v. Carter*, 11 Md.App. 182, 273 A.2d 212 (1971).

Keefover maintains Judge Levin erred in not instructing the jury that Giant could be found liable for her sterilization if the overdose of Ovral caused her to be in a condition that precluded her exercise of reasonable judgment. Review of the record discloses that Judge Levin instructed the jury:

"[Plaintiff] has brought this lawsuit alleging that on the date ... [in] February of 1986, the defendant in this case, in the operation of its pharmacy, negligently and carelessly filled this prescription in an incorrect and in an unprofessional manner, and because of the negligence and carelessness of the defendant, she says that she was hurt, that she underwent pain and suffering, was forced to receive medical care, was forced to receive hospitalization, and as a further result of the negligence of the defendant in this case, she was forced to receive medical treatment from a doctor who, in the course of his treat-

ment, negligently and carelessly treated her for the condition for which she presented herself.

She is now seeking damages from Giant Food Company for all these allegations that she has made that Giant Food was negligent, and because Giant Food was negligent, she has had to undergo all these damages, in addition to which she is claiming damages for mental pain and suffering, and for the loss of the right to bear children in the future."

 Those instructions may not be exactly what Keefover requested but they embrace the instruction requested by her. A trial court is not required to adopt the parties' requested instructions verbatim. *Potts v. Armour and Co.,* 183 Md. 483, 39 A.2d 552 (1944). *See also* Md.Rule 2–520(c).

### VII.

"Whether the lower court erred in not instructing the jury that Dr. Ein had a duty to inform the plaintiff of the alternatives to sterilization procedures as a part of informed consent obligation."

As repeatedly stated herein, Dr. Ein was not a party to this action. His alleged malpractice, in not informing Keefover of the alternatives to sterilization, is best initially left, where the Legislature put it, with the Health Claims Arbitration Panel. The requested instruction was properly denied by the trial court.

Giant asserts in its cross-appeal that Judge Levin erred in denying its motion *in limine* concerning Keefover's claim of malpractice by Dr. Ein. In light of the foregoing, we need not address this issue.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.

ROBERT M. BELL, Judge, concurring.

I have no quarrel with the bottom line of the majority opinion, nor, for that matter, with most of the reasoning

which underlies it. I write separately because my interpretation of *Smith Laboratories v. Teuscher,* 310 Md. 676, 531 A.2d 300 (1987) differs from that of the majority.

In this case, as we have seen, appellant sued Giant Foods; she specifically refrained from suing Dr. Ein, the physician who issued the prescription which Giant Food's agent negligently filled and who sterilized appellant in order to solve the problem caused by Giant Food's negligence. In her case against Giant, she proposed to prove that the sterilization procedure was not, in fact, necessary. As the majority puts it, "Keefover felt it requisite to her case to show malpractice by Dr. Ein." The trial court refused her testimony on that issue.

Implicit in part II of the majority opinion is its interpretation of *Smith* as requiring appellant, as a condition precedent to establishing her "case in a case", Dr. Ein's malpractice, to arbitrate her case against Giant. In the majority's view, appellant has proceeded "contrary to the clear intent of the Health Care Malpractice Claims Act;" by proceeding as she has she has sought to circumvent the Act.

I do not agree. The holding in *Smith*[1] does not require, or even imply, that a suit filed against a party alleged to be negligent, in which proof of damages may necessitate the plaintiff's proving malpractice on the part of a physician, who is not sued, must initially be filed in arbitration. Indeed, I read *Smith* as very explicitly saying just the opposite. Whether such an action, can be won is quite another

---

1. The court did state the holding in two places in the opinion. In the first paragraph, it said: (310 Md. at 678, 531 A.2d 300)

 In this case we hold that the Maryland Health Care Malpractice Claims statute, Maryland Code (1974, 1984 Rep. Vol., 1986 Cum. Supp.), §§ 3–2A–01 to –08 of the Courts and Judicial Proceedings Article (the Act), does not require, as a condition precedent to a civil action in court, arbitration of a products liability claim asserted exclusively against a pharmaceutical manufacturer. In the last paragraph, it put it thus: 310 Md. at 679 [531 A.2d 300] ) We hold simply that, absent any health care provider as a defendant to any claim in arbitration, there is no basis for applying the Act.

 These holdings are not, in my opinion, inconsistent and, thus, constitutes but one holding, as opposed to two.

matter. That depends upon the evidentiary and discretionary rulings of the court.

The essential nature of an action is not changed by reference to the damages one proposes to pursue. Consequently, and in summary, because Dr. Ein was not sued and plaintiff sought to introduce evidence of his medical malpractice only as a means of proving the damages for which Giant was responsible, she was not required to proceed first in arbitration. *Smith* does not so hold. To the extent that the majority implies that it does, I disagree.